1UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE MOORE,

     Plaintiff,                            Civil Action No. 10-13148

     v.                                 District Judge George Caram Steeh
                                       Magistrate Judge Laurie J. Michelson

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

     Defendants.

_____/

### REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS TO DISMISS (Dkt. 7,9) AND MOTION FOR ENTRY OF JUDGMENT (Dkt. 12)

Plaintiff George Moore brought this prisoner civil rights case alleging that Defendants Michigan Department of Corrections ("MDOC") and Mound Road Correctional Facility, Phillip Payne R.N., and John Doe Correctional Officers Nos. 1 and 2, violated his rights by denying, or at least delaying, medical care with regard to an alleged stroke he suffered on August 9, 2007. (Dkt. 1, Compl. at 3.)  On October 5 and October 11, 2010, respectively, Defendants MDOC and Mound Road Correctional Facility filed Motions to Dismiss based on the Eleventh Amendment.  (Dkt. 7,9, Defs.' Mot. Dismiss.)  In addition, on December 12, 2010, the same Defendants filed a Motion for Judgment Based on Plaintiff's Failure to Timely Effect Service on John Doe Officers Nos. 1 and 2. (Dkt. 12, Defs.' Mot. J.)  For the reasons set forth below, the undersigned **RECOMMENDS** that the Defendants' Motions to Dismiss and Motion for Entry of Judgment be **GRANTED** .

## I. BACKGROUND

### A. Facts

Plaintiff alleges that he suffered a stroke on August 9, 2007, while incarcerated in the Mound Road Correctional Facility in Detroit, Michigan. (Dkt. 1, Compl. at 3.) Specifically, Plaintiff claims that at approximately 8:00 p.m. on August 9, 2007, he felt dizzy and requested medical attention from an unnamed officer on duty. (Dkt. 1.) Plaintiff claims that the unnamed officer waited until shift change – approximately two and a half hours – to comply with his request. (Dkt. 1, Compl. at 3.) In addition, Plaintiff claims that when he ultimately received medical attention, he received inadequate medical attention from Defendant Phillip Payne, R.N. (Dkt. 1, Compl. at 3.) Nurse Payne allegedly gave Plaintiff two Tylenol and sent him back to his unit. (Dkt.1, Compl. at 3.)

Plaintiff continued to complain about headaches, dizziness and sweating to another unnamed officer on duty. (Dkt.1, Compl. at 3.) Eventually, the unnamed officer took Plaintiff back to the "health care" unit. (Dkt. 1, Compl. at 3.) The "doctor on duty" then transferred Plaintiff to Detroit Receiving Hospital. (Dkt. 1, Compl. at 3.) Plaintiff claims he suffered brain injury, semi-paralysis, and memory loss as a result of his alleged stroke. (Dkt. 1, Compl. at 3.)

### B. Procedural History

Plaintiff George Moore brought this prisoner civil rights case *pro se* and *in forma pauperis* on August 9, 2010. (Dkt. 1. Compl. at 1.) Defendants MDOC and Mound Road Correctional Facility filed Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. 7,9, Defs.' Mot. Dismiss.) In addition, on December 12, 2010, the same Defendants filed a Motion for Judgment Based on Plaintiff's Failure to Timely Effect Service on John Doe

Officers Nos. 1 and 2. (Dkt. 12, Defs' Mot. J.) Plaintiff retained counsel on or before January 9, 2011, and filed a Response to Defendants' Motions to Dismiss and Motion for Judgment, along with a Motion for Leave to File First Amended Complaint. (Dkt. 16, Pl. Resp.)[1]

## II. ANALYSIS

### A. Legal Standards

#### 1. *Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)*

Under Fed. R. Civ. P. 12(b)(6), a case warrants dismissal if it fails "to state a claim upon which relief can be granted." When deciding a motion under Rule12(b)(6), "[t]he court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Cline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996). Moreover, in applying this rule to pro se plaintiffs, the allegations of the complaint are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). That being said, pro se plaintiffs still must allege a set of facts that would establish the material elements of a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570, (2007). Indeed, a plaintiff must plead facts that allow the court to infer that the defendant is liable for the misconduct alleged. *Fabian v. Fulmer Helmets, Inc*. 628 F.3d 278, 280 (6th Cir. 2010).

#### 2. *Eleventh Amendment*

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

---

[1] Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. 16, Pl. Mot. Am. Compl.) is addressed under a separate Order to Show Cause.

United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. Amend. XI. This is an express limitation not only on suits against a state government by citizens of another state or citizens of a foreign country, but on suits against a state government by citizens of the same state. *Alabama v. Pugh*, 438 U.S. 781 (1978). The Supreme Court holds that the Eleventh Amendment bars such suits. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989). There are three exceptions to this bar: 1) if a state agency unequivocally consents to the suit; 2) if Congress has abrogated the states' immunity through statute; or 3) if the suit is seeking to enjoin a state official acting in his or her official capacity. *Will*, 491 U.S. at 66; *Lawson v. Shelby County, TN*, 211 F.3d 331,334-35 (6th Cir. 2000). Notably,"[t]he State of Michigan has not consented to civil rights suits in the federal courts." *McFadden v. Comm'r of Soc. Sec.*, 5 F. App'x. 388, 390 (6th Cir. 2001)(citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)). In addition, Congress has not abrogated the states' immunity for suits under 42 U.S.C. § 1983. *Lawson*, 211 F.3d at 334-35.

> *3. Fed. R. Civ. P. 4(m)*

Under Fed. R. Civ. P. 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Sixth Circuit holds that this 120-day time constraint applies to John Doe defendants as well as named defendants. *Reynosa v. Schultz, et al.*, 282 F. App'x. 386, 2008 U.S. App. LEXIS 13651 (6th Cir. 2008) (unpublished). In *Reynosa*, the pro per plaintiff failed to identify and serve unnamed defendants within the 120-day time constraint under Rule 4(m). *Id.* at 391. The Court held

that dismissal of the claims *sua sponte* against unnamed defendants was proper only if the plaintiff had notice of such dismissal and an opportunity to "show good cause for his failure to identify and serve such Defendants." *Id* at 393.

### B. Plaintiff's Claims Against Defendants MDOC and Mound Road Correctional Facility Should be Dismissed With Prejudice

The Mound Road Correctional Facility is a prison maintained and operated by the MDOC. (Dkt. 9, Mound Road Correctional Facility Mot. Dismiss at 4.) The MDOC is the state agency responsible for housing inmates in Michigan. (Dkt. 7, MDOC Mot. Dismiss at 7) Neither the MDOC nor the Mound Road Correctional Facility have consented to suit in federal court. (Dkt. 7,9, Defs.' Mot. Dismiss.) In addition, as stated above, Congress has not abrogated the states' immunity for Plaintiff's § 1983 suit. Therefore, applying well-established Eleventh Amendment precedent to this case, Plaintiff's claims against Defendants MDOC and Mound Road Correctional Facility should be dismissed. *Thiokol Corp. v. Dep't of Treasury, et al.*, 987 F.2d 376, 381 (6th Cir. 1998); *Mound v. Mount Corr. Fac.*, 2006 U.S. Dist. LEXIS 34441 (E.D. Mich 2006). Even reading all the facts in the light most beneficial to the pro se plaintiff, there is no plausible claim against these state actors.

### C. Plaintiff's Claims Against Defendants John Doe Correctional Officers Should be Dismissed Without Prejudice

Plaintiff filed his complaint on August 9, 2010. (Dkt. 1, Compl. at 1.) Over 120 days passed since without service on the John Doe defendants.

Defendants MDOC and Mound Road Correctional Facility filed their Motion for entry of a judgment dismissing the "John Doe" defendants on December 10, 2010. (Dkt. 12, Defs.' Mot. J.) On December 17, 2010, Magistrate Judge Mark A. Randon issued an Order Requiring Plaintiff to

5

File a Response to Defendants' Motion for Judgment by January 18, 2011.  Plaintiff responded, through counsel, on January 10, 2011 by filing a Motion for Leave to Amend.  (Dkt. 16, Pl.'s Mot. Am.)  In the Motion, "counsel concedes and submits that the pleadings as presented by the Plaintiff are wholly inadequate." (Pl. Mot. Am. at 2.)  She did not, however, attach an amended complaint as required by Local Rule 15.1 or describe the amendments Plaintiff intended to make to cure the inadequacies of the prior pleading.   In addition, Plaintiff made no effort to identify the John Doe Defendants and does not articulate "good cause for his failure to identify and serve such Defendants."  *Reynosa, supra* at 393.

Applying *Reynosa*, dismissal without prejudice as to the "John Doe" defendants is warranted. The undersigned notes that this dismissal is "upon motion" of Defendants MDOC and Mound Road Facility per Fed. R. Civ. P. 4(m).  Therefore, there is no requirement to give notice to Plaintiff of the possibility of dismissal.  *Reynosa*, 282 F. App'x. at 393.  However, notably, this court gave appropriate notice to Plaintiff in its December 17, 2010 Order.  (Dkt. 13.)

### III.  CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Court **GRANT** Defendants' Motions to Dismiss, and dismiss the claims against Defendants MDOC and Mound Road Correctional Facility **WITH PREJUDICE**.  In addition, the undersigned recommends that the Defendants' Motion for Entry of Judgment Based on Plaintiff's Failure to Timely Effect Service on John Doe Defendants be **GRANTED**  and the case be dismissed **WITHOUT PREJUDICE** as to John Doe Officer Nos. 1 and 2.

### IV.  FILING OBJECTIONS TO THIS REPORT

The parties to this action may object to and seek review of this Report and Recommendation

within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. A copy of any objections is to be served upon this magistrate judge. E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES MAGISTRATE JUDGE

Dated: March 23, 2011

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 23, 2011.

s/Susan Jefferson  
Deputy Clerk